**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JAMES L. DRIESSEN,

        Plaintiff,

    v.

WALMART, INC., et al.

        Defendant.

Civil Action No. 19-cv-03239-EGS

## DEFENDANT TARGET CORPORATION'S MOTION FOR EXTENSION OF TIME TO FILE AN ANSWER OR OTHER RESPONSIVE PLEADING

Pursuant to Local Rule 7, Rule 11 of Your Honor's Standing Order, and Fed. R. Civ. P. 6(b), Defendant Target Corporation ("Target") hereby respectfully moves for an extension of time, up to and including January 31, 2020, to file its answer or other responsive pleading. Target's answer or other responsive pleading was initially due on December 3, 2019.  The parties, however, agreed that Target could file its responsive pleading on January 17, 2020. Because Target just finalized its selection of counsel and new counsel are in the process of being retained and coming up to speed, it asks for an additional 14-day extension to file its answer or other responsive pleading.  This is the first extension requested by any party in this matter.

Pursuant to Local Rule 7(m), counsel for Target certifies that it has contacted Plaintiff James L. Driessen regarding this anticipated motion, and Mr. Driessen has indicated that he opposes any extension of time beyond January 17, 2020.

1

## MEMORANDUM IN SUPPORT OF DEFENDANT TARGET CORPORATION'S MOTION FOR EXTENSION OF TIME TO FILE AN ANSWER OR OTHER RESPONSIVE PLEADING

Pursuant to Local Rule 7, Rule 11 of Your Honor's Standing Order, and Fed. R. Civ. P. 6(b), Defendant Target Corporation ("Target") hereby respectfully moves for an extension of time, up to and including January 31, 2020, to file its answer or other responsive pleading. Target's answer or other responsive pleading was initially due on December 3, 2019.  The parties, however, agreed that Target could file its responsive pleading on January 17, 2020. Target now asks for an additional 14-day extension to file its answer or other responsive pleading because Target just finalized its selection of counsel and new counsel is in the process of being retained and coming up to speed.[1]

Motions to extend the deadline for a response out of time are governed by Federal Rule of Civil Procedure 6(b)(1)(B), which allows for extending time "on motion made after the time has expired if the party failed to act because of excusable neglect."  Generally, allowing such an extension "does not require counsel to have been faultless, and 'inadvertence, mistake, or carelessness' can fall within the rule."  *Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 388, (1993)).  Instead, "counsel typically must have some reasonable basis for not meeting a filing deadline." *Id.* (internal quotation omitted).  In analyzing whether counsel's actions are excusable and an extension of time is warranted, courts look to "(1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial

---

[1] Attorney James Pistorino (who represented prior defendants against a patent infringement action brought by Mr. Driessen) sought an extension on behalf of Target, and Mr. Driessen agreed to an extension to January 17, 2020.  Per Your Honor's Standing Order and Fed. R. Civ. P. 6(b), Target should have documented its agreement with the Court by filing a motion for extension of time.  Target's failure to do so, however, constitutes excusable neglect as discussed below at least in part because lead counsel for Target for this action had not yet been engaged.

proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith." *Id.*

Here, all the factors favor granting Target an extension of time. ***First***, the "risk of prejudice to the other side" is negligible. Mr. Driessen has already agreed to an extension to January 17, 2020. Given that this case is at its initial stages, an additional 14 days will not prejudice Mr. Driessen. Moreover, the instant case has been consolidated with two other cases involving the same patent and same allegations. Mr. Driessen has said that he has only recently served defendant Best Buy Company, Inc. ("Best Buy"), and it is unclear whether Walmart Inc. has been served; neither defendant has responded to the complaint. ***Second***, "the length of the delay and the potential impact on judicial proceedings" is negligible. As mentioned, Mr. Driessen has already agreed to an extension to January 17, 2020, so an extension to January 31, 2020 adds only another 14 days. While the original response was due December 3, 2019, because this is a consolidated case and the other defendants have yet to respond, the overall impact on the judicial proceedings is minimal. ***Third***, "the reason for the delay and whether it was within counsel's reasonable control" again favors Target. Since being served, Target has actively been attempting to investigate the allegations in this case (which are directed to products that are made by multiple third parties and not made by Target itself) and to find suitable counsel to represent its interests in this case. Now that counsel has been selected and the paperwork is being finalized, counsel has brought this motion as required under Your Honor's Standing Order and other applicable rules. Moreover, Target has kept Mr. Driessen apprised of its search and status. For example, before the initial response date of December 3, 2019, attorney James

Pistorino[2] spoke to Mr. Driessen to discuss the initial extension.  Moreover, on January 10, 2020, current counsel for Target reached out to apprise Mr. Driessen of the fact that it was in the process of retaining WilmerHale and WilmerHale was coming up to speed.  **Last**, as can be seen from the discussions above, there is no bad faith on behalf of counsel.  Counsel for Target simply requires an extension of time to be able to adequately represent Target's interests in this matter because they were only selected as counsel last week.[3]

## CONCLUSION

For the foregoing reasons, Target respectfully requests that the Court grant its Motion for Extension of Time to File an Answer or Other Responsive Pleading.

---

[2] Mr. Pistorino was an attorney opposite Mr. Driessen in a 2009 patent infringement case brought by Mr. Driessen against Target, Best Buy, and others and was representing Target at the time he reached out to Mr. Driessen in late 2019.

[3] Moreover, the alternative to granting Target's motion, a default judgment "is a drastic sanction" unwarranted in this instance. *Simpson v. Socialist People's Libyan Arab Jamahiriya*, No. CIV.A.00-1722(RMU), 2001 WL 1701673, at *3 (D.D.C. June 18, 2001).  "[W]here a court orders a dismissal or enters a default judgment, the party typically has engaged in a pattern of disobedience or noncompliance with court orders, including failing to appear at scheduled conferences, so that the court concludes that no lesser sanction is warranted." *Id*.  Here, no such pattern or practice exists.

Dated:  January 15, 2020

Respectfully submitted,

/s/ *Amanda L. Major*_____

Amanda L. Major (D.C. BAR #495968)
WILMER CUTLER PICKERING HALE
     AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6304 (t)
(202) 663-6363 (f)
amanda.major@wilmerhale.com

Sonal N. Mehta (*pro hac vice pending*)
WILMER CUTLER PICKERING HALE
     AND DORR LLP
950 Page Mill Rd.
Palo Alto, CA 94304
(650) 858-6000 (t)
(650) 858-6100 (f)
Sonal.Mehta@wilmerhale.com


*Attorneys  for Defendant Target Corporation*

**<u>Certificate of Service</u>**
Civil Action No. 19-cv-03360-EGS


I, Amanda L. Major, hereby certify that on January 15, 2020, I electronically filed the foregoing document, **DEFENDANT TARGET CORPORATION'S MOTION FOR EXTENSION OF TIME TO FILE AN ANSWER OR OTHER RESPONSIVE PLEADING**, with the Clerk of the Court using the ECF system and served the below-listed party through using the ECF system as well as First-Class Mail.

JAMES L. DRIESSEN
3080 Southern Elm Court
Fairfax, VA 22031
(801) 360-8044

_____/s/_Amanda L. Major___

Amanda L. Major