# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JAMES L. DRIESSEN,

    *Plaintiff*,

v.

WALMART INC., BEST BUY CO., INC., and TARGET CORPORATION

    *Defendants*.

Civil Action No. 1:19-cv-3239

Judge: Emmet G. Sullivan

## DEFENDANTS BEST BUY'S, TARGET'S, AND WALMART'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. STATEMENT OF FACTS.............................................................................................. 1
III. LEGAL STANDARDS ................................................................................................... 4
IV. ARGUMENT................................................................................................................... 5
    A. Defendants' Counterclaims Are Not Redundant ............................................... 5
    B. Defendants' Counterclaims Contain Sufficient Factual Allegations
       Regarding Invalidity And Non-Infringement ..................................................... 8
V. CONCLUSION .............................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

### CASES

*3E Mobile, LLC v. Glob. Cellular, Inc.*, 121 F. Supp. 3d 106 (D.D.C. 2015) .................................. 4

*Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8 (D.C. Cir. 2008) .................................................................................................................................. 4

*Altvater v. Freeman*, 319 U.S. 359 (1943) ................................................................................ 5, 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................... 4, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................................... 4

*Dror v. Kenu, Inc.*, No. 19-CV-03043-LB, 2019 WL 5684520 (N.D. Cal. Nov. 1, 2019) ........................................................................................................ 9

*Driessen v. Sony BMG Music Entm't, Target Corp., Best Buy Co., Inc., and FYE*, No. 09-cv-00140-CW (D. Utah Feb. 17, 2009) .................................................................... 6

*Driessen v. Starbucks Corp., and Apple Comput., Inc.*, No. 08-cv-00126-TS (D. Utah Feb. 19, 2008) ....................................................................................................... 6

*EMC Corp. v. Zerto, Inc.*, 2014 WL 3809365 (D. Del. July 31, 2014) .......................................... 9

*Englewood Lending Inc. v. G & G Coachella Investments, LLC*, 651 F. Supp. 2d 1141 (C.D. Cal. 2009) ........................................................................................................... 7

*Fisher-Price, Inc. v. Safety 1st, Co.*, No. CIV.A. 01-51, 2002 WL 1307333 (D. Del. June 14, 2002) .......................................................................................................... 5

*Genzyme Corp. v. Dr. Reddy's Labs., Ltd.*, No. 13-1506-(GMS), 2016 WL 2757689 (D. Del. May 11, 2016) .......................................................................................... 6

*Glenn v. Thomas Fortune Fay*, 222 F. Supp. 3d 31 (D.D.C. 2016) ............................................... 6

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994) .................................................... 4

*Lear, Inc. v. Adkins*, 395 U.S. 653 (1969) ..................................................................................... 6

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191 (2014) .................................... 3

*Nouis Techs., Inc. v. Polaris Indus. Inc.*, No. 14-CV-233-JDP, 2015 WL 3407862 (W.D. Wis. May 27, 2015) .................................................................................................. 10

*Nugent v. Unum Life Ins. Co. of Am.*, 752 F. Supp. 2d 46 (D.D.C. 2010) ................................. 4, 7

*PetEdge, Inc. v. Marketfleet Sourcing, Inc.*, No. 16-12562-FDS, 2017 WL
     2983086 (D. Mass. July 12, 2017) ............................................................................ 9

*Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159 (Fed. Cir. 2014) ...................... 8

*Uzlyan v. Solis*, 706 F. Supp. 2d 44 (D.D.C. 2010) .................................................... 4, 6

*Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546 (Fed. Cir. 1989) ......................... 8

## STATUTES, RULES, AND REGULATIONS

37 C.F.R. § 42.303 ............................................................................................................ 7

35 U.S.C. § 101 ............................................................................................................ 2, 8

35 U.S.C. § 315(a) ........................................................................................................... 7

35 U.S.C. § 315(b) ........................................................................................................... 7

Fed. R. Civ. P. 8 .............................................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 3

Fed. R. Civ. P. 12(f) ........................................................................................................ 4

**I.     INTRODUCTION**

Mr. Driessen's renewed Motions to Dismiss assert that Defendants Walmart's, Best Buy's, and Target's Counterclaims for declaratory judgment of non-infringement and invalidity should be struck as duplicative and dismissed as factually deficient. But it is Mr. Driessen's motions, not Defendants' Counterclaims, that needlessly consume the parties' and the Court's resources. And it is the motions to dismiss, and Mr. Driessen's conclusory claim charts, that are devoid of factual support.

Mr. Driessen's motions to strike should be denied because they fail to recognize the distinct procedural, policy, and personal interests served by counterclaims as compared to affirmative defenses; and fail to demonstrate any prejudice to Mr. Driessen that would justify such a "drastic remedy." Mr. Driessen's motions to dismiss under *Twombly/Iqbal* should also be denied because they fail to mention, much less address, any of the specific facts alleged in support of Defendants' Counterclaims.

**II.    STATEMENT OF FACTS**

Plaintiff James Driessen filed suit against Walmart, Inc. ("Walmart"), Best Buy Co., Inc. ("Best Buy"), and Target Corporation ("Target") (collectively, "Defendants"), alleging infringement of U.S. Patent No. 10,304,052 ("the '052 patent"). *See* Dkt. 6, 9; *see also Driessen v. Target Corp.*, No. 19-cv-03360-EGS (D.D.C. Nov. 12, 2019), Dkt. 3. On January 31, 2020, Target filed an Answer and a Counterclaim for declaratory judgment of non-infringement and invalidity of the '052 patent. Dkt. 11. On February 3, 2020, Mr. Driessen filed his first motion to dismiss Target's counterclaim, arguing that the counterclaim did not contain sufficient factual allegations and were duplicative of Target's affirmative defenses. *See* Dkt. 13 at 4-5.

1

In view of Mr. Driessen's motion to dismiss, Walmart filed an Answer and Counterclaim on February 6, 2020, which explained why Walmart is entitled to declaratory judgment of noninfringement and invalidity. Dkt. 19. In support of its invalidity counterclaim, Walmart alleged that "each claim of the '052 patent is patent ineligible under 35 U.S.C. § 101 because each claim is directed to an abstract concept and the limitations are no more than recitations of mental steps performed with the aid of a conventional computer. The '052 patent claims a long-established business practice of providing a voucher for later redemption for a prearranged product." *Id.* at 17-18. Walmart also alleged that the '052 patent is "anticipated by and/or obvious over the prior art, including the References Cited on the face of the patent itself," and specifically described the teachings of U.S. Patent No. 5,513,117 ("Small") and U.S. Patent No. 6,029,141 ("Bezos"). *Id.* at 18.

Walmart also added factual allegations in support of its non-infringement counterclaim. First, Walmart alleged it cannot infringe any valid claim of the '052 patent because the claims are invalid. *Id.* at 16. Second, Walmart alleged that the products Mr. Driessen accused of infringement "do not meet each and every claim limitation of each independent claim of the '052 patent (claims 1, 14, and 19)" because, among other things, they do not practice the limitations requiring "'purchase of the physical access CARD provides ownership of the preselected and itemized physical Internet merchandise product . . .' (claim 1), 'causing transfer of ownership rights in the product to the purchaser by granting access or rights to the purchaser on the computer network' (claim 14), and 'wherein purchase of the physical access CARD authorizes an ownership right in the preselected and itemized physical Internet merchandise product or a preselected and itemized particular content serialized downloadable media material object product' (claim 19)." *Id.* at 17. Third, Walmart alleged that it does not have the requisite specific intent and the requisite

2

knowledge to support a finding of induced or contributory infringement. *Id*. Fourth, Walmart alleged that Mr. Driessen, who bears the burden to prove infringement,[1] made only threadbare and conclusory assertions that did not even plausibly allege infringement because he "merely parrots the claim language." *Id.* at 16; *see also, e.g.,* Dkt. 9-1 at 19 (claim chart merely stating "yes").

Best Buy filed its Answer and Counterclaim on February 12, 2020, with similarly detailed factual allegations in support of its counterclaim for a declaratory judgment of invalidity and non-infringement. Dkt. 23 at 16-18.

On February 12, 2020, pursuant to the Court's Standing Order No. 8, Defendants informed Mr. Driessen via e-mail that Target intended to file an Amended Answer and Counterclaim to add the detailed factual allegations in Walmart's and Best Buy's Answers and Counterclaims. Defendants also explained the basis, with citation to case law, for seeking declaratory relief in addition to asserting invalidity and non-infringement as affirmative defenses. Ex. 1 at 1-2.[2] In an effort to avoid a second motion to dismiss, Defendants requested that Mr. Driessen share his concerns, to the extent any remained, and to meet-and-confer if necessary. *Id.* at 1. Defendants renewed their request on February 15. *Id.*

Mr. Driessen never responded to Defendants' emails. Instead, Mr. Driessen filed substantially similar motions to dismiss Walmart's Counterclaim (Dkt. 30), Best Buy's Counterclaim (Dkt. 26), and Target's Amended Counterclaim (Dkt. 29) under Fed. R. Civ. P. 12(b)(6) and 12(f). Defendants now oppose each of Mr. Driessen's motions to dismiss.

---

[1] *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 199 (2014) ("burden of proving infringement should remain with the patentee" in declaratory judgment action).
[2] Citations to "Ex. 1" refer to exhibits attached to the Declaration of David P. Yin filed herewith.

## III.    LEGAL STANDARDS

Fed. R. Civ. P. 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[S]triking portions of a pleading is a drastic remedy, and motions to strike are disfavored." *Nugent v. Unum Life Ins. Co. of Am.*, 752 F. Supp. 2d 46, 51 (D.D.C. 2010). In addition, while Rule 12(f) "does not require the moving party to show that it would be prejudiced should the allegations remain part of the pleading, courts view motions to strike portions of a complaint with such disfavor that many courts will grant such a motion only if the portions sought to be stricken as immaterial are also prejudicial or scandalous." *Uzlyan v. Solis*, 706 F. Supp. 2d 44, 51-52 (D.D.C. 2010).

Under Fed. R. Civ. P. 8(a)(2), a complaint or counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (internal quotation marks and citations omitted). "The [complainant] need not plead all of the elements of a prima facie case . . . , nor must the [complainant] plead facts or law that match every element of a legal theory." *3E Mobile, LLC v. Glob. Cellular, Inc.*, 121 F. Supp. 3d 106, 108 (D.D.C. 2015) (internal quotation marks and citations omitted). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Courts construe the claims of the complaint "liberally in the [complainant's] favor," "accept[ing] as true all of the factual allegations" alleged. *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008). The complainant is entitled to "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

IV.     ARGUMENT

    A.     **Defendants' Counterclaims Are Not Redundant**

Mr. Driessen argues that Defendants' counterclaims are "the 'mirror-image' restatement of Plaintiff's claims of infringement and validity" and that the Court should "strike [the] counterclaims … because they concern the same subject matter." Dkt. 26 at 6. *See also* Dkt. 29 at 7-8; Dkt. 30 at 7-8. Mr. Driessen's argument is wrong for three reasons.

***First***, counterclaims requesting the Court grant declaratory judgment of non-infringement and invalidity are not duplicative of affirmative defenses because, contrary to Mr. Driessen's assumption, they would not be "rendered moot upon adjudication of Plaintiff's complaint." Dkt. 26 at 8; Dkt. 29 at 9; Dkt. 30 at 9. Instead, the counterclaims preserve for adjudication the issues of non-infringement and invalidity even if, for example, Mr. Driessen's infringement claim is dismissed or non-infringement is found. *See, e.g., Altvater v. Freeman*, 319 U.S. 359, 363 (1943) ("We have here not only bill and answer but a counterclaim. Though the decision of non-infringement disposes of the bill and answer, it does not dispose of the counterclaim which raises the question of validity."); *Fisher-Price, Inc. v. Safety 1st, Co.*, No. CIV.A. 01-51, 2002 WL 1307333, at *10 n.13 (D. Del. June 14, 2002) ("The court is aware that when invalidity is presented only as an affirmative defense, the court need not address invalidity where it finds non-infringement. . . . However, since invalidity is also asserted as a counterclaim in this case, the court feels it is appropriate to address the invalidity of the [] patent in spite of the finding of non-infringement.").

***Second***, claims for declaratory judgment serve distinct purposes from affirmative defenses. For example, a declaratory judgment of non-infringement would "determine the legality of a course of action [a party] wishes to propose and thereby allow parties to conform their future

5

conduct to avoid litigation." *Glenn v. Thomas Fortune Fay*, 222 F. Supp. 3d 31, 37 (D.D.C. 2016). If Mr. Driessen were to abandon or voluntarily dismiss his complaint, Defendants would nonetheless retain their interest in clarifying that the accused products do not infringe any valid claims of the '052 patent in order to prevent *future* litigation and damages. Nor is Defendants' concern merely theoretical—Mr. Driessen has sued Defendants in this action and he is an active patent litigant.[3] Moreover, a declaratory judgment of invalidity would not only clarify Defendants' legal rights, it would serve "the important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain." *Lear, Inc. v. Adkins*, 395 U.S. 653, 670 (1969) (explaining the importance of permitting licensees to pursue declaratory judgment of invalidity). For those reasons, courts routinely entertain counterclaims of non-infringement and invalidity. *See, e.g.*, *Altvater*, 319 U.S. at 360-61 (defendant asserted "various defenses … charg[ing] among other things that the two reissue patents … were invalid" and "also filed a counterclaim praying for a declaratory judgment" that the patents "were not valid"); *Genzyme Corp. v. Dr. Reddy's Labs., Ltd.*, No. 13-1506-(GMS), 2016 WL 2757689, at *8 (D. Del. May 11, 2016) (describing defendant's "affirmative defenses of noninfringement and invalidity, and declaratory judgment counterclaims" for non-infringement and invalidity).

***Third***, Mr. Driessen fails to demonstrate why the portions of Defendants' pleading he seeks to strike "are also prejudicial or scandalous." *Uzlyan*, 706 F. Supp. 2d at 51-52. Nor can he, because having to confront Defendants' non-infringement and invalidity claims are the consequence of his accusation that Defendants infringe the '052 patent. The Court should not

---

[3] *See, e.g., Driessen v. Sony BMG Music Entm't, Target Corp., Best Buy Co., Inc., and FYE*, No. 09-cv-00140-CW (D. Utah Feb. 17, 2009); *Driessen v. Starbucks Corp., and Apple Comput., Inc.*, No. 08-cv-00126-TS (D. Utah Feb. 19, 2008).

6

grant the "disfavored" and "drastic remedy" Mr. Driessen seeks in the absence of any identified prejudice. *Nugent*, 752 F. Supp. 2d at 51.[4]

None of Mr. Driessen's arguments are relevant or persuasive. Mr. Driessen's assertion that Defendants "squandered an opportunity to raise any issues involving the validity of the patent prosecution" (Dkt. 26 at 2; Dkt. 29 at 2; Dkt. 30 at 2) is baseless. Defendants may file a petition for *inter partes* review (IPR) up to one year after being served with a complaint. *See* 35 U.S.C. § 315(b); *see also* 37 C.F.R. § 42.303 ("A petition requesting a covered business method patent review may be filed any time" after the period for post-grant review). Furthermore, the AIA expressly contemplates instituting IPR proceedings *after* the defendant has asserted a counterclaim for declaratory judgment of invalidity in a parallel district court proceeding. *See* 35 U.S.C. §§ 315(a)(1) & (3) (IPR cannot be instituted if the petitioner filed a declaratory judgment action "challenging the validity of a claim of the patent," but specifying that "[a] counterclaim challenging the validity of a claim" is not such an action). The only case Mr. Driessen does cite (*e.g.*, Dkt. 26 at 7) for striking counterclaims, *Englewood Lending Inc. v. G & G Coachella Investments, LLC*, 651 F. Supp. 2d 1141 (C.D. Cal. 2009), is inapposite because it has no connection to claims for declaratory relief relating to patent infringement or invalidity. *Id.* at 1146 (striking counterclaims "regarding the amount of [defendant's] liability" in breach of contract action).

---

[4] Mr. Driessen confusingly argues that Defendants' counterclaims attempt to "gain an advantage by trying to shorten the process and thereby circumventing the Court's ability to understand the patent in suit prior to making judgment on the scope and validity." Dkt. 30 at 7. Mr. Driessen fails to explain why a counterclaim somehow prevents claim construction and discovery, if needed. It does not, just as stating a claim for relief in the complaint would not circumvent the same.

### B.      Defendants' Counterclaims Contain Sufficient Factual Allegations Regarding Invalidity And Non-Infringement

Mr. Driessen's Rule 12(b)(6) motion amounts to little more than the anodyne observation that counterclaims must meet the pleading standards of Rule 8, *Twombly*, and *Iqbal*.  Mr. Driessen fails to explain why Defendants' detailed factual allegations are insufficient, or even address any of them individually.  Instead, Mr. Driessen merely asserts that Defendants "must do more than simply request a declaration that they 'did not do it' (as is essentially alleged in [Defendants'] counterclaim)."  Dkt. 26 at 4; Dkt. 29 at 4; Dkt. 30 at 4; *see also, e.g.*, Dkt. 30 at 9 (conclusorily asserting that Walmart's "facts are only threadbare allegations").

In fact, Defendants' Counterclaims contain specific factual allegations that, accepted as true and with all inferences made in Defendants' favor, more than "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  On invalidity, Defendants describe at least two ways in which the '052 patent could be found invalid.  *First*, Defendants explain that the '052 patent is ineligible under § 101 because each claim is directed to an abstract concept—such as the long-established business practice of providing a voucher for later redemption for a prearranged product—and the claims recite no more than mental steps performed with the aid of a conventional computer.  *See*, *e.g.*, Dkt. 19 at 17.  *Second*, Defendants identify and describe the teachings of two prior art references—Small and Bezos—which anticipate or render obvious all of the limitations of the '052 patent claims.  *Id.* at 18.

Similarly, Defendants describe the factual bases for their non-infringement counterclaim.  In order to prove literal infringement, Mr. Driessen would have to prove that the accused products meet "each and every limitation" of an asserted independent claim, plus the additional limitations recited by any asserted dependent claim.  *Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159, 1166 (Fed. Cir. 2014); *Wahpeton Canvas Co. v. Frontier, Inc*., 870 F.2d 1546, 1553 (Fed. Cir.

8

1989) ("dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed").  Defendants therefore identify a specific limitation in each of the independent claims that is not practiced by the accused products, outlining a plausible basis for their non-infringement counterclaims.  Dkt. 19 at 17.  Defendants did not stop there.  Defendants also allege that they lacked infringing intent or knowledge of the '052 patent, which would prevent findings of induced and contributory infringement.  And Defendants further point out that Mr. Driessen's infringement allegations only "parrot[] the claim language," *id.* at 16, which is insufficient to meet his burden of proving infringement.

    Mr. Driessen cites no case dismissing counterclaims for non-infringement and invalidity, much less any case dismissing detailed counterclaims with specific factual allegations, like those Defendants filed.  That is because the few cases that have dismissed non-infringement or invalidity counterclaims for failing to satisfy *Twombly/Iqbal* have done so in the far different circumstance of a party merely denying infringement or validity and "fail[ing] to allege any facts."  *PetEdge, Inc. v. Marketfleet Sourcing, Inc.*, No. 16-12562-FDS, 2017 WL 2983086, at *3 (D. Mass. July 12, 2017), at *3  (dismissing counterclaim that "'Marketfleet has not infringed any valid and enforceable claim of the '236 patent, either literally or under the doctrine of equivalents, willfully or otherwise,' without further support" because it was "nothing more than a denial of infringement" and "fail[ed] to allege any facts to state a plausible claim for non-infringement").[5]  In contrast, Defendants' specific factual allegations—as described above—are more than sufficient to give Mr. Driessen "fair notice" of multiple plausible bases for invalidity and non-infringement, and amply satisfy the *Twombly/Iqbal* pleading standard.  *See, e.g., Dror v. Kenu, Inc.*, No. 19-CV-

---

[5] *See also, e.g.*, *EMC Corp. v. Zerto, Inc.,* 2014 WL 3809365, at *2, *4 (D. Del. July 31, 2014) (dismissing invalidity counterclaims that were "merely bare-bones legal conclusions devoid of any supporting factual allegations," but with leave to amend).

9

03043-LB, 2019 WL 5684520, at *10 (N.D. Cal. Nov. 1, 2019) (denying motion to dismiss invalidity counterclaim where counterclaimant identified "specific pieces of prior art that (so he claims) render the Patents obvious"); *Nouis Techs., Inc. v. Polaris Indus. Inc.*, No. 14-CV-233-JDP, 2015 WL 3407862, at *3 (W.D. Wis. May 27, 2015) (denying motion to dismiss non-infringement counterclaim because "a counterclaim for a declaration of non-infringement is largely a placeholder in case the plaintiff were to try to dismiss the case" and "generally, denying the allegation of infringement more or less inherently sets up a plausible counterclaim for non-infringement").

## V.   CONCLUSION

For the foregoing reasons, Mr. Driessen's Motions to Dismiss should be denied.

Dated:  March 3, 2020                                    Respectfully submitted,

/s/   Sonal N. Mehta

Sonal N. Mehta (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6000 (t)
(650) 858-6100 (f)
Sonal.Mehta@wilmerhale.com

Natalie A. Bennett
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
(202) 739-5559 (t)
202-739-5671 (f)
natalie.bennett@morganlewis.com

David P. Yin (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000 (t)
(202) 663-6363 (f)
David.Yin@wilmerhale.com

*Attorney for Defendants Best Buy Co. Inc., and Walmart, Inc.*

Alix Pisani (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP

        350 South Grand Avenue, Suite 2100
        Los Angeles, CA 90071
        (213) 443-5300 (t)
        (213) 443-5400 (f)
        Alix.Pisani@wilmerhale.com

*Attorneys for Defendants Best Buy Co. Inc., Target Corporation, and Walmart, Inc.*

## CERTIFICATE OF SERVICE

I, Sonal N. Mehta, hereby certify that on March 3, 2020, I electronically filed the foregoing document, **DEFENDANTS BEST BUY'S, TARGET'S, AND WALMART'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**, with the Clerk of the Court using the ECF system and caused to be served the below-listed party through using the ECF system.

JAMES L. DRIESSEN
3080 Southern Elm Court
Fairfax, VA 22031
jd@vibme.com
james.driessen@subrodiv.com
(801) 360-8044

                                                         */s/   Sonal N. Mehta*
                                                          Sonal N. Mehta