UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES L. DRIESSEN,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 19-cv-3239-EGS-ZMF** |
| **WALMART INC.,** *et al.*, | |
| **Defendants.** | |

## ORDER

This Court now faces the question that *The Clash* famously asked two decades ago: "Should I stay or should I [say n]o?" *The Clash*, *Combat Rock* (1982). On October 28, 2019, pro se Plaintiff James L. Driessen filed this patent infringement suit against Defendants Walmart, Inc., Best Buy Co., Inc., and Target Corporation (collectively "Defendants"). *See* ECF No. 1 (Compl.). Plaintiff's allegations concern claims 1–20 of U.S. Patent No. 10,304,052 (the "'052 patent"). *See* ECF No. 41 (Joint Motion to Stay) at 1. Each Defendant answered Plaintiff's claims and responded with Counter-Claims. *See* ECF No. 19 (Walmart's Answer & Counter-Claim); ECF No. 23 (Best Buy's Answer & Counter-Claim); ECF No. 28 (Target's Amended Answer & Counter-Claim). After District Court Judge Emmet G. Sullivan denied Plaintiff's Motions to Dismiss the Counter-Claims, *see* First Minute Order (Nov. 24, 2020), Plaintiff answered Defendants' Counter-Claims, *see* ECF Nos. 37, 38, 40 (Plaintiff's Answers). Judge Sullivan then referred this matter to a magistrate judge for full case management pursuant to Local Rule 72.2. *See* Third Minute Order (Nov. 24, 2020).

Shortly before Judge Sullivan denied Plaintiff's motions, Defendants petitioned for *inter partes* review ("IPR") before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("PTO").  *See* Joint Motion to Stay at 1.  In their IPR petition, Defendants challenged all of the '052 patent's claims as unpatentable.  *See id.*  The party petitioning for IPR must establish "a reasonable likelihood that [they] would prevail with respect to at least [one] of the claims challenged."  35 U.S.C. § 314(a).  If that showing is made, the PTO institutes IPR, during which the PTAB "review[s] the patentability of one or more claims in a patent."  *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1034 (N.D. Cal. 2015) (citing 35 U.S.C. §§ 311–319).  "If the PTAB finds that a claim is unpatentable, . . . then the PTO is required to issue a certificate cancelling the claim, and the patent holder may no longer assert that claim in litigation or otherwise."  *In re Papst Licensing GmbH & Co. KG Patent Litigation*, 320 F. Supp. 3d 132, 134 (D.D.C. 2018) (citing 35 U.S.C. § 318(b)).  The parties now jointly ask the Court to stay this litigation pending IPR.  *See* Joint Motion to Stay at 3.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  *Papst Licensing Litigation*, 320 F. Supp. 3d at 136 (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)).  "When deciding whether to grant a stay pending [IPR], . . . courts typically consider three factors: (1) the stage of the proceeding and, in particular, whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the case; and (3) whether a stay would unduly prejudice the nonmoving party."  *Id.* (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013)) (applying factors to stay litigation while IPR decision was on appeal to Federal Circuit).

2

This litigation is in its infancy.  No discovery has begun, nor has the Court issued an initial scheduling order.  *See* Joint Motion to Stay at 1.  The first factor thus weighs in favor of a stay. *See Finjan*, 139 F. Supp. 3d at 1034 (granting stay even though "parties ha[d] engaged in some written discovery and document production" because "no depositions ha[d] been taken and no deadlines associated with expert discovery, summary judgment, pre-trial motions, and trial ha[d] been set").

While the second factor is less clear, it too supports a stay.  Courts have "acknowledged the speculative nature of simplification where, as here, the PTAB has not yet made an institution decision." *Purecircle USA Inc. v. SweeGen, Inc.*, No. 18-cv-1679, 2019 WL 3220021, at *2 (C.D. Cal. June 3, 2019); *see also* Joint Motion to Stay at 2.  "[A]lthough the PTAB has not yet decided whether to institute IPR, courts routinely grant stays based on the filing of an IPR petition because the high probability that the request will be granted and potential benefits of IPR outweigh the relatively modest delay resulting from the stay if the petition for IPR is denied." *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 13-cv-4160, 2014 WL 2511308, at *4 (W.D. Mo. June 4, 2014).  Furthermore, the PTAB is expected to announce its decision on whether to initiate IPR within the next six months.  *See* Joint Motion to Stay at 1.  Indeed, even "if institution [of IPR] is denied, a stay will be relatively short." *Purecircle*, 2019 WL 3220021, at *2 (citing *Game & Tech. Co. v. Riot Games, Inc.*, No. 16-cv-6486, 2016 WL 9114147, at *3 (C.D. Cal. Nov. 4, 2016)).

If the PTAB ultimately initiates IPR, any decision it makes—whether declaring each claim patentable or unpatentable—"will likely provide the Court with significant guidance," *Papst Licensing Litigation*, 320 F. Supp. 3d at 137, because Defendants are challenging the entirety of the '052 patent, *see* Joint Motion to Stay at 1.  Thus, "[g]ranting a stay pending IPR is 'particularly'

likely to simplify the case" to allow for "PTO review of each of the asserted claims in the patents-

in-suit." *Finjan*, 139 F. Supp 3d at 1036 (quoting *Evolutionary Intelligence, LLC v. Facebook,*

*Inc.*, No. 13-cv-4202, 2014 WL 261837, at *2 (N.D. Cal. Jan. 23, 2014)).

As to the third factor, neither party faces any prejudice where, as here, the parties have

*jointly* filed a motion to stay.

Given that the goal of IPR is to "limit unnecessary and counterproductive litigation costs,"

*Regents of the Univ. of Minn. v. LSI Corp.*, 926 F.3d 1327, 1335 (Fed. Cir. 2019), the Court hereby

GRANTS the parties' Motion to Stay.  The Court hereby ORDERS that the proceedings are stayed

pending further order of this Court.  It is further ORDERED that the parties are to submit a Joint

Status Report within 14 days after either (1) a decision by the PTAB denying institution of IPR on

the '052 patent; or (2) issuance of a final written decision adjudicating the IPR, with their positions

on the proposed course of this action.


_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE